**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
DONOVAN CUSHNIE,              :
: Civil Action No. 08-3310 (FSH)
            Petitioner,       :
:
       v.                     :        **O P I N I O N**
:
ATTORNEY GENERAL MICHAEL      :
MUKASEY, et al.,              :
:
            Respondents.      :
_____:

**APPEARANCES:**

Donovan Cushnie, Pro Se              Collette R. Buchanan
Essex County Correctional Facility   Assistant U.S. Attorney
A97-447-111                          970 Broad Street
354 Doremus Avenue 4E2 013           Room 700
Newark, NJ 07105                     Newark, NJ 07102
                                     Attorney for Respondents

**HOCHBERG**, District Judge

On July 2, 2008, Donovan Cushnie, a native of Jamaica, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his continued detention. After carefully considering the submissions of the parties, and based upon the following, this Court finds that the petition must be denied.

**BACKGROUND**

Petitioner argues that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001) and violates his substantive and procedural due process rights.

Petitioner, born in Jamaica, entered the United States at an unknown place and time without inspection. Since his arrival, he has been convicted of sexual assault in New Jersey state court, and was sentenced to four years in prison.

On April 21, 2005, during Petitioner's confinement in prison, the Department of Homeland Security ("DHS") issued a Notice to Appear to Petitioner, charging him with being subject to removal because he was present in the United States without being admitted or paroled. He was also charged with having committed an act constituting a crime of moral turpitude, based on the sexual assault conviction.

On February 20, 2007, Petitioner was released from New Jersey state custody and taken into custody by the Immigration and Customs Enforcement ("ICE") officers. On August 1, 2007, an Immigration Judge ordered Petitioner removed to Jamaica. Petitioner did not appeal.

After a Warrant for Removal was issued to Petitioner, on August 13, 2007, ICE sent the Consulate General of Jamaica a request for travel documents for Petitioner. Petitioner refused to sign the consulate application. Petitioner was served with a Warning for Failure to Depart and an Instruction Sheet regarding the requirement to assist in removal on August 16, 2007.

In November 2007, the ICE reviewed Petitioner's custody status and decided to continue to detain him.

In December of 2007, the ICE issued a Notice of Failure to Comply, advising Petitioner that his removal period would be extended since he refused to provide proof of his identity, and failed to assist the ICE in removing him.

In February of 2008, Petitioner was served with a Notice of Failure to Depart, again advising him that the removal period was being extended for his failure to cooperate.  Petitioner refused to sign the acceptance of service.  He was again served the Notice in April of 2008, and signed.

Respondents contend that Petitioner has failed to cooperate with efforts to remove him, in that he has provided "only superficial cooperation" by sending letters to the Jamaican consulate.  However, Petitioner fails to provide needed information, such as his parents' names, and claims that he is an American citizen despite the lack of support for that claim and the fact that the claim was rejected by the Immigration Judge.

On October 3, 2008, the ICE conducted a file review of Petitioner's case.  The review notes Petitioner's continued failure to cooperate.

## DISCUSSION

**A.   Standard of Review**

Title 28 of the United States Code, section § 2241 provides in pertinent part:

>    (a) Writs of habeas corpus may be granted by the
>    Supreme Court, any justice thereof, the district courts

> and any circuit judge within their respective jurisdictions ...
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless ... (3) he is in custody in violation of the Constitution or the laws or treaties of the United States.

The Supreme Court has held that habeas corpus proceedings are available to aliens who challenge post-removal-period detention. See Zadvydas v. Davis, 533 U.S. 678, 688 (2001). The Immigration and Nationality Act § 241(a)(2) provides that the government has a ninety-day "removal period" to remove an alien ordered removed from the United States. The removal period begins on the latest of the following: (1) the date the order of removal becomes administratively final; or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. See 8 U.S.C. § 1231(a)(1)(B).

In Zadvydas, the Supreme Court held that aliens may be held under § 241(a)(6) for a presumptively valid period of six months. See Zadvydas, 533 U.S. at 701. Also, the Supreme Court articulated the following standard for federal courts considering petitions for habeas corpus under § 241 of the INA:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose,

4

>       namely, assuring the alien's presence at the moment of
>       removal. Thus, if removal is not reasonably
>       foreseeable, the court should hold continued detention
>       unreasonable and no longer authorized by statute.

Zadvydas, 533 U.S. at 699-700.  Under Zadvydas, to effectuate release from confinement after the presumptively valid period of six months, a petitioner has the burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  Id. at 701.  Once the alien shows good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must "respond with evidence sufficient to rebut that showing." Id.  If removal is not reasonably foreseeable, the court should deem the petitioner's detention unlawful and release the alien subject to conditions and supervision.  See id. at 700.

**B.     Petitioner Has Not Cooperated.**

In this case, Petitioner's final order of removal was entered on August 1, 2007, and Petitioner has been detained since, far longer than the presumptive valid period of six months set forth by the Supreme Court.  See Zadvydas, 533 U.S. at 701. Since the presumptively valid period of detention has expired, Petitioner may be released upon a showing that there is no significant likelihood of removal in the reasonably foreseeable future.  As the period of post-removal detention grows, what counts as the "reasonably foreseeable future" conversely shrinks. See id.

5

Petitioner claims removal is not significantly likely in the reasonably foreseeable future because, despite his cooperation, ICE has been unable to remove him. Specifically, Petitioner states that he "has cooperate fully with all efforts by the INS/ICE to remove or release him." (Petition, ¶ 12).

Respondents argue Petitioner's detention is lawful under 8 U.S.C. § 1231, as he remains in detention because of his own failure to cooperate with the removal proceedings. Respondents note that because Petitioner has failed to acknowledge his Jamaican citizenship, despite Petitioner's father acknowledging that Petitioner was born in Jamaica, the Jamaican consulate will not issue a travel document. Respondents argue that Petitioner is "deliberately thwarting ICE's efforts to remove him." (Answer, p. 5).

Aliens awaiting deportation pursuant to 8 U.S.C. § 1231 may remain detained for an extended period of time if the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). The decision in Zadvydas does not prevent an alien who does not provide adequate or accurate information to DHS from being detained beyond the presumptively valid six month period. See Chun Kwong Ching v. B.I.C.E./D.H.S., 2007 WL 2363836 (D.N.J. August 16, 2007) (citing

Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003); Joseph v. Chertoff, 2006 WL 1722593 (D.N.J. June 19, 2006) ("Zadvydas does not save an alien who fails to provide requested documentation to effectuate his removal").[1]

This Court finds that Petitioner has failed to meet his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.  Although Petitioner has been detained for a year since his order of removal became final, Petitioner has failed to provide ICE with adequate and accurate information to verify his Jamaican citizenship.  Petitioner has received notification from ICE of his failure to provide true and accurate information about himself.  Petitioner continues to refuse to provided necessary information.

The record shows that Petitioner is an unwilling participant in the removal proceedings.  Petitioner continues to fight his Jamaican citizenship.  Zadvydas does not save an alien who does not provide adequate documentation and information, because an alien cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future "if

---

[1] See also United States ex Rel Kovalev v. Ashcroft, 71 Fed. Appx. 919, 924 (3rd Cir. 2003); Camara v. Gonzalez, 2007 WL 4322949 at *4 (D.N.J. December 2, 2007); Qing Di Wong v. Carbone, 2005 WL 2656677 (D.N.J. October 17, 2005).

the detainee controls the clock." Joseph v. Chertoff, 2006 WL 1722593 (citing Pelich v. INS, 329 F.3d at 1060).

Petitioner's removal from the United States is likely in the reasonably foreseeable future if he provides DHS/ICE with the requested documentation and/or information requested by the Jamaican consulate. Without efforts by Petitioner to provide the information, this Court finds that removal is significantly likely in the reasonably foreseeable future and that Petitioner's continued detention is lawful under § 241(a)(1)(C) of the INA. As such, the petition for a writ of habeas corpus must be denied.

## CONCLUSION

For the reasons stated, Petitioner's petition for a writ of habeas corpus is denied. An appropriate Order accompanies this Opinion.

s/ Faith S. Hochberg<br>
FAITH S. HOCHBERG<br>
United States District Judge

Dated: February 10, 2009